IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WARREN HAVENS, | § | |
| | § | |
| Petitioner Below, | § | No. 25, 2022 |
| Appellant, | § | |
| | § | Court Below—Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| ARNOLD LEONG, | § | C.A. No. 2021-0033 |
| | § | |
| Defendant Below, | § | |
| Appellee, | § | |
| | § | |
| and | § | |
| | § | |
| SKYBRIDGE SPECTRUM | § | |
| FOUNDATION, | § | |
| | § | |
| Nominal Defendant Below, | § | |
| Appellee. | § | |

Submitted: January 21, 2022
Decided: February 7, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

### **ORDER**

After consideration of the notice of appeal from an interlocutory order, the documents attached thereto, and the Court of Chancery docket, it appears to the Court that:

(1) The appellant, Warren Havens, has petitioned this Court to accept an interlocutory appeal from two orders of the Court of Chancery: (i) an order dated December 3, 2021, which stayed the action until litigation pending in another

jurisdiction is concluded, and (ii) an order dated December 23, 2021, which denied Havens's motion for reargument. On January 13, 2021, Havens filed in the Court of Chancery a petition for judicial dissolution of Skybridge Spectrum Foundation, a Delaware nonprofit, nonstock corporation. In 1999, Havens and the appellee Arnold Leong established a business in which they transferred valuable radio spectrum licenses that they acquired from the Federal Communications Commission, in part through the use of Skybridge and seven Delaware limited liability companies that are affiliated with Skybridge. In 2002, Leong sued Havens in the Superior Court of California in Alameda County (the "California Court") regarding the operation of the business; in 2003, Havens compelled Leong to arbitrate the dispute under arbitration clauses in some of the entities' LLC agreements. Havens, Leong, and the entities have been involved in litigation in various jurisdictions over the ensuing two decades.

(2) On November 16, 2015, the California Court appointed a receiver to take control and possession of Skybridge and the LLCs. The court also enjoined Havens from interfering with the receiver's management of the entities and from acting on behalf of the entities. In an August 2019 decision that became part of a final arbitration award issued on June 12, 2020, an arbitrator in the arbitration proceeding awarded Leong more than $18 million in damages and more than $15 million in attorneys' fees against Havens and the entities. The arbitrator also

2

determined that the LLCs should be dissolved and their proceeds sold and distributed to Havens and Leong in accordance with their respective 50.1% and 49.9% equity interests in the LLCs. The California Court confirmed the arbitration award on June 4, 2021, and ordered the receiver to begin to administer the dissolution of the entities. The court also permanently enjoined Havens from interfering with the discharge of the receiver's duties and from starting, continuing, or enforcing any suit or proceeding in the name of any or all of the entities.

(3)  Havens then filed the petition for dissolution of Skybridge in the Court of Chancery. The petition sought dissolution under Section 273 of the Delaware General Corporation Law, which governs dissolution of a Delaware corporation that has "only 2 stockholders each of which own 50% of the stock therein."[1] Skybridge and Leong moved to dismiss or, alternatively, to stay the action in favor of the action in the California Court. After carefully applying the *McWane* doctrine[2] and the three-factor *McWane* test,[3] the Court of Chancery stayed the action pending the conclusion of the litigation in the California Court, which has been ongoing for

---

[1] 8 *Del. C.* § 273(a).

[2] *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281 (Del. 1970).

[3] *See LG Electronics, Inc. v. InterDigital Commc'ns, Inc.*, 114 A.3d 1246, 1252 (Del. 2015) ("Delaware courts considering a motion to stay or dismiss in favor of a previously filed action have applied *McWane*'s three-factor test: (1) is there a prior action pending elsewhere; (2) in a court capable of doing prompt and complete justice; (3) involving the same parties and the same issues? If all three criteria are met, *McWane* and its progeny establish a strong preference for the litigation of a dispute in the forum in which the first action was filed." (internal quotations omitted)).

years—in part because of conduct by Havens that other courts have found to be vexatious—and is nearing its end. Havens moved for reargument, which the Court of Chancery denied.

(4) Havens then filed an application for certification of an interlocutory appeal. The application asserted that the Court of Chancery's orders decided a substantial issue of material importance[4] and that the stay would cause delay and exhaust party and judicial resources. Aside from a conclusory assertion that interlocutory review would "serve the considerations of justice,"[5] the application did not address which of the criteria set forth in Rule 42(b)(iii) would warrant the certification of an interlocutory appeal. Nevertheless, the Court of Chancery carefully reviewed each of the Rule 42(b)(iii) criteria and determined that interlocutory review was not warranted. As to whether interlocutory review would serve considerations of justice, the court recognized that denial of interlocutory review would effectively preclude any further judicial review of the stay, but concluded that considerations of justice nevertheless weighed against interlocutory review. Among other things, the court observed that trial courts have broad discretion to manage their dockets, including by staying litigation on the basis of

---

[4] *See* DEL. SUPR. CT. R. 42(b)(i) ("No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment.").

[5] *Id.* R. 42(b)(iii)(H).

comity or efficiency, and emphasized the lengthy litigation history between the parties and Havens's previous attempts to thwart those proceedings through legal maneuvering. The court concluded that the likely benefits of interlocutory review do not outweigh the probable costs and the most efficient and just means of resolving the parties' dispute would be to respect the orders entered in the California litigation allow that litigation to conclude before proceeding.

(5) We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court.[6] In the exercise of its discretion and giving great weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[7] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[8] Moreover, Havens has not set forth a good-faith argument that interlocutory review is warranted by any of the criteria set forth in Rule 42(b)(iii). Allowing the litigation to conclude in the California Court will serve considerations of justice by most efficiently bringing the parties' lengthy litigation

---

[6] *Id.* R. 42(d)(v).
[7] *Id.* R. 42(b)(ii).
[8] *Id.* R. 42(b)(iii).

to an end. To the extent that any issues remain for the Court of Chancery's determination following the conclusion of the California litigation, the Court of Chancery's order allows for a prompt and fair resolution of those remaining issues.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Chief Justice